# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARIANO HERRERA,

      Movant,

vs.                         No. CV 16-00690 MCA/KRS
                               No. CR 13-03310 MCA

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under rule 4(b) of the Rules Governing Section 2255 Proceedings on the 28 U.S.C. § 2255 Motion to Vacate Sentence filed by Movant Mariano Herrera on June 24, 2016 (CV Doc. 1; CR Doc. 37). Herrera seeks to vacate and correct his sentence under *Johnson v. United States,* 578 U.S. ___, 135 S.Ct. 2551 (2015). The Court determines that Herrera is not eligible for relief under *Johnson* and will dismiss the Motion.

## FACTUAL AND LEGAL BACKGROUND

Herrera was indicted on October 9, 2013 for Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d). (CR 13-03310 Doc. 10). The Indictment stated:

> "On or about September 20, in Bernalillo County in the State and District of New Mexico, the defendant, Mariano H. Herrera, by force, violence, and intimidation, did take from the person and presence of another, approximately $2,565.52 in money belonging to and in the care, custody, control, management and possession of the Wells Fargo Bank, . . . and in committing such offense, the defendant did assault and put in jeopardy the life of another person by use of a dangerous weapon, that is a firearm."

(CR Doc. 10 at 1). In addition to the Armed Bank Robbery, Herrera was charged with Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence in violation

of 18 U.S.C. § 924(c)(1)(A). (CR Doc. 10). Herrera pled guilty to the Indictment without a plea agreement on January 28, 2014. (CR Doc. 23). He was sentenced to 121 months of imprisonment followed by 5 years of supervised release. (CR Doc. 35).

Herrera filed his 28 U.S.C. § 2255 Motion to Vacate Sentence (CV Doc. 1; CR Doc. 37). Herrera's Motion contends the ruling in *Johnson* extends to the residual clause of § 924(c) and that the Armed Bank Robbery offense does not qualify as a "crime of violence" and could not be used to enhance his sentence in light of *Johnson.* (CV Doc. 1 at 3-10; CR Doc. 37 at 3-10).

## APPLICABLE LAW ON *JOHNSON V. UNITED STATES* AND SECTION 2255 COLLATERAL REVIEW

Herrera seeks collateral review of his sentences in CR 13-03310 under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a). Because Herrera seeks collateral review more than a year after his sentence became final, he is relying on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review in *Johnson* and *Welch v. United States,* 578 U.S. ___, 136 S.Ct. 1257 (2016). See 28 U.S.C. § 2255(f)(3).

In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's due process guarantee. 135 S.Ct. at 2562-2563. Under the ACCA, a defendant convicted of being a felon in possession

of a firearm faces an enhanced sentence if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-2563. The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is often referred to as either the "element" clause or the "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court in *Johnson* expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses in the enumerated clause or the remainder of the definition of a violent felony in the force or element clause, § 924(e)(2)(B). 135 S.Ct. at 2563. Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

<u>**ANALYSIS OF MOVANT HERRERA'S CLAIM**</u>

**I. *JOHNSON* DOES NOT CLEARLY INVALIDATE THE RESIDUAL CLAUSE OF § 924(c):**

Herrera's sentence was not enhanced under § 924(e)(2)(B) of the ACCA. Instead, Herrera argues that the *Johnson* ruling should be applied to the residual clause of 18 U.S.C. §

924(c). The question of whether *Johnson* applies to invalidate the residual clause language of § 924(c) is an unsettled question. In *Johnson,* the Supreme Court indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt. 135 S.Ct. at 2561.The lower courts have divided on the question of application of the *Johnson* ruling to § 924(c) and similarly-worded provisions. *See United States v. Taylor,* 814 F.3d 340, 375-79 (4th Cir. 2016)( declining to find § 924(c) void for vagueness); *United States v. Vivas-Ceja,* 808 F.3d 719, 723 (7th Cir. 2015) (finding language similar to § 924(c) void for vagueness); *Dimaya v. Lynch,* 803 F.3d 1110, 1120 (9th Cir. 2015) (holding similar language in the Immigration and Nationality Act void); *In re Smith,* ___ F.3d ___, 2016 WL 3895243 at *2-*3 (11th Cir. 2016) (noting the issue but not deciding it in the context of an application for permission to file a second or successive § 2255 motion).

Courts have cited several grounds that distinguish the ACCA § 924(e)(2)(B) residual clause from § 924(c)(3)(B). First, the statutory language of § 924(c)(3)(B) more narrowly defines "crime of violence" based on physical force rather than physical injury. While the ACCA residual clause simply requires conduct "that presents a serious potential risk of physical injury to another," § 924(c)(3)(B) requires the risk "that *physical force* against the person or property of another may be used *in the course of* committing the offense." 18 U.S.C. § 924(c)(3)(B) (emphasis added). By requiring that the risk of physical force arise "in the course of" committing the offense, the language of § 924(c)(3)(B) mandates that the charged offender be the person who may potentially use physical force. *See United States v. Taylor,* 814 F.3d at 376-77.

Moreover, § 924(c)(3)(B), unlike § 924(e)(2)(B), requires that the predicate felony be a crime which, "by its nature," involves the risk that the offender will use physical force. In *Johnson*, the Supreme Court was concerned with the wide judicial latitude permitted by the

ACCA's residual clause language that did not limit a court's inquiry to the elements of the crime. 135 S.Ct. at 2557. In contrast, Section 924(c)(3)(B) does not allow consideration of risk-related conduct beyond the elements of the predicate crime. The phrase "by its nature" limits the court's analysis to the risk of force in the offense, itself. *See United States v. Amos,* 501 F.3d 524, 527 (6th Cir.2007), *United States v. Stout,* 706 F.3d 704, 706 (6th Cir.2013). *United States v. Serafin,* 562 F.3d 1105, 1109, 1114 (10th Cir.2009); *see also Leocal v. Ashcroft,* 543 U.S. 1, 10 (2004) (construing the language of 18 U.S.C. § 16(b)).

Second, the *Johnson* Court was concerned that the enumerated crimes in the ACCA, when paired with the residual clause, cause confusion and vagueness in the application of the residual clause. 135 S.Ct. at 2561. The ACCA links the residual clause by the word "otherwise" to the four enumerated crimes. *Johnson,* 135 S.Ct. at 2558. The *Johnson* Court explained that by using the word "otherwise," "the residual clause forces courts to interpret 'serious potential risk' in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives." *Id.* Gauging the level of risk required was difficult because the four listed crimes "are 'far from clear in respect to the degree of risk each poses.' " *Id.* (quoting *Begay v. United States,* 553 U.S. 137, 143, (2008)). The *Johnson* Court addressed the fact that the ACCA residual clause requires the application of a categorical approach to analysis of the predicate crime. *Johnson,* 135 S.Ct. at 2557–58. The Court refrained from invalidating the categorical analysis. *Id.* at 2561–62. Instead, the Court stated that the ordinary case analysis *and* the level-of-risk requirement "conspire[d] to make [the statute] unconstitutionally vague," and determined that the concern with the ACCA residual clause was that it combined an overbroad version of the categorical approach with other vague elements. *Id*. at 2557. Statutes like Section § 924(c)(3)(B)'s residual clause do not raise the same analytical concerns when combined with the

categorical approach. *Id.* at 2561. Unlike the ACCA, § 924(c)(3)(B) does not link its "substantial risk" standard "to a confusing list of examples." *Johnson,* 135 S.Ct. at 2561.

Third, the Supreme Court reached its void-for-vagueness conclusion only after deciding a number of cases calling for interpretation of the clause. *See e.g. James v. United States,* 550 U.S. 192 (2007); *Begay v. United States*, 553 U.S. 137 (2008); *Chambers v. United States*, 555 U.S. 122 (2009); *Sykes v. United States,* 564 U.S. 1 (2011). In *Johnson,* the Court recognized its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause." 135 S.Ct. at 2558. In the nine years preceding *Johnson,* the Court had applied four different analyses to the residual clause. *See id.* at 2558–59. These inconsistent decisions led to "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider." *Id.* at 2560. By contrast, the Supreme Court has not been called on multiple occasions to articulate a standard applicable to the § 924(c)(3)(B) analysis.

The question of whether the reasoning of *Johnson* should extend to the residual clause of § 924(c)(3)(B) remains unsettled. However, the Court need not determine in this case whether *Johnson* should apply to invalidate the residual clause of § 924(c)(3)(B). As set out, below, even if *Johnson* was extended to § 924(c), Herrera's predicate Armed Bank Robbery crime comes within the force or element clause, not the residual clause, and he is not eligible for resentencing.

## II. ARMED BANK ROBBERY IS A CRIME OF VIOLENCE UNDER THE "FORCE" OR "ELEMENT" CLAUSE OF § 924(c):

Under 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. *See United States v. Johnson,* 32 F.3d 82, 85 (4th Cir.1994). If, during the commission of the crime of violence, "the firearm is

brandished," the mandatory minimum sentence increases to seven years. *See* § 924(c)(1)(A)(ii).

Section 924(c) defines "crime of violence" to mean:

> "[A]n offense that is a felony and—
> (A) has as an element the use, or threatened use of physical force
> against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used
> in the course of committing the offense."

18 U.S.C. § 924(c)(3). Herrera contends that his Armed Bank Robbery conviction does

not qualify as a crime of violence under the "force" or "element" clause of § 924(c)(3)(A) and,

therefore, must come within the presumably invalid residual clause language of § 924(c)(3)(B).

Contrary to Herrera's argument, the Armed Bank Robbery crime charged against Herrera clearly

has as an element the use, or threatened use of physical force against the person or property of

another and supports enhancement of his sentence under § 924(c) without resort to the residual

clause language.

To determine whether a prior conviction constitutes a crime of violence under the force

or element clause, the Court employs a categorical approach. *United States v. Perez–Jiminez,*

654 F.3d 1136, 1140 (10th Cir.2011). The Court looks only to the fact of conviction and the

statutory definition of the prior offense, and does not generally consider the particular facts

disclosed by the record of conviction. *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir.

2015). Where a statute defines multiple crimes by listing alternative elements, the Court utilizes

a modified categorical approach, which permits the Court to look at the charging documents to

determine the elements under which the defendant was actually charged and convicted. *See*

*Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248-49 (2016).

Armed bank robbery under 18 U.S.C. § 2113(d) has four elements: (1) the defendant

took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank,

credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. *See United States v. Davis,* 437 F.3d 989, 993 (10th Cir.2006). The first three elements of armed bank robbery are drawn from § 2113(a) and define the lesser-included offense of bank robbery. The fourth element is drawn from § 2113(d). We focus on the second element: that the money was taken from the bank "by force and violence, or by intimidation." *See* § 2113(a).

The circuit courts have uniformly ruled that federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force. *See e.g., United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("[W]e are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'—specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.' "); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) ("[E]ven were we to extrapolate from the *Johnson* holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). A conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another.").

In *United States v. Boman,* 810 F.3d 534 (8th Cir.2016) the Eighth Circuit held that

robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation." *Boman,* 810 F.3d at 542–43. The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore,* 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed,* 27 F.3d 815, 819 (2d Cir.1994). The Fourth Circuit expressly stated in *Adkins,* that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). The courts have also consistently determined that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which contains force clause language nearly identical to the § 924(c)(3) force clause. *See Johnson v. United States,* 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Davis,* 915 F.2d 132, 133 (4th Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir.1989); *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991); *United States v. Wright,* 957 F.2d 520, 521 (8th Cir.1992); *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir.1990). A taking "by force and violence" entails the use of physical force.

Likewise, a taking "by intimidation" involves the threat to use such force. *See, e.g., Jones,* 932 F.2d at 625 ("Intimidation means the threat of force"); *Selfa,* 918 F.2d at 751 (explaining that the intimidation element of § 2113(a) meets the Guidelines § 4B1.2(1) requirement of a threatened use of physical force). Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under §

2113(a) constitutes a crime of violence under the force clause of § 924(c)(3). *See United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002).

Moreover, Herrera was expressly charged with and pled guilty to armed bank robbery by force, violence, ***and*** intimidation. (CR Doc. 10, 23). He was charged with and convicted of robbery by force as well as robbery by intimidation. Regardless of whether "intimidation" has as an element the threatened use of physical force, Herrera was convicted of crimes that include an element that is the use, attempted use, or threatened use of physical force. *Mathis v. United States*, 136 S.Ct. at 2248-49. Herrera's sentence was properly enhanced under the force clause of § 924(c)(3)(A) and without resort to the residual clause of § 924(c)(3)(B), he is not entitled to relief, and the Court will dismiss his Motion under rule 4(b) of the Rules Governing Section 2255 Proceedings.

Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Herrera has failed to make a substantial showing of denial of a constitutional right. The Court will, therefore, deny a certificate of appealability. *See* rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED** that the 28 U.S.C. § 2255 Motion to Vacate Sentence filed by Movant Mariano Herrera on June 24, 2016 (CV Doc. 1; CR Doc. 37) is **DISMISSED** under rule 4(b) of the Rules Governing Section 2255 Proceedings; and a Certificate of Appealability is **DENIED** under rule 11(a).

_____
UNITED STATES DISTRICT JUDGE